**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| FEI ZHENG, | : | Case No. 1:25-cv-446 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| KRISTI NOEM, et al., | : | |
| | : | |
| Defendants. | : | |

# ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 11). Specifically, Defendants seek to dismiss Plaintiff's claims on mootness grounds. (Motion, Doc. 11.) Plaintiff has not filed any response in opposition, and the time to do so has passed.

On July 1, 2025, Plaintiff Fei Zheng filed a Complaint to seek declaratory, injunctive, and mandamus relief ordering Defendants to adjudicate her I-485 Application to Register Permanent Residence or Adjust Status. (Compl., Doc. 1.) Plaintiff listed Kristi Noem, Secretary of the Department of Homeland Security, and Pamela Bondi, Attorney General of the United States, as Defendants at the time. (*Id.*) The Court clarifies that Markwayne Mullin is now Secretary of the Department of Homeland Security, and Todd Blanche is now Acting Attorney General of the United States. *See* Fed. R. Civ. P. 25(d).

Defendants move to dismiss Plaintiff's Complaint as moot because Plaintiff's I-485 Application has been adjudicated and denied. (Motion, Doc. 11; Notice of Decision, Doc.

11-1, Pg. ID 53; *see also* Decision of Denial, Doc. 11-3, Pg. ID 65.) Because federal courts may only adjudicate "actual, ongoing controversies," a case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1978) (quotation omitted). "If a court can no longer grant any effectual relief to the plaintiff, there is no longer a true dispute between the parties, and the case becomes moot." *Doster v. Kendall*, No. 24-3404, 2025 WL 1369378, at *2 (6th Cir. May 12, 2025) (quotations omitted). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018) (quotations omitted). Relevant here, courts have frequently dismissed as moot cases that request adjudication of an I-485 application once it has been adjudicated. *See, e.g.*, *Martinez v. Mayorkas*, No. 1:13-CV-485, 2014 WL 4908447, at *3-4 (S.D. Ohio Sept. 30, 2014) (collecting cases); *Guo v. U.S. Dep't of Homeland Sec.*, No. 3:08-CV-139, 2009 WL 86743, at *1 (S.D. Ohio Jan. 13, 2009); *Akimenko v. Mayorkas*, No. 21-CV-3738, 2022 WL 1539519, at *3 (N.D. Cal. May 16, 2022). Accordingly, the denial of Plaintiff's I-485 application renders all of her claims and requested relief moot.

For all these reasons, the Court **ORDERS** the following:

1) Defendants' Motion to Dismiss (Doc. 11) is **GRANTED**;

2) Plaintiff's claims are **DISMISSED AS MOOT**; and

3) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _______________________
JUDGE MATTHEW W. McFARLAND